USCA1 Opinion

 

 March 29, 1996 [Not for Publication] [Not for Publication] United States Court of Appeals United States Court of Appeals For the First Circuit For the First Circuit ____________________ No. 95-1800 CASH ENERGY, INC., ET AL., Plaintiffs - Appellants, v. MELVIN L. WEINER, ETC., ET AL., Defendants - Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Robert E. Keeton, U.S. District Judge] ___________________ ____________________ Before Boudin, Circuit Judge, _____________ Bownes, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ ____________________ Neal Marshall Brown with whom Amy S. Locke was on brief for ____________________ _____________ appellant. Robert S. Sanoff with whom Nicholas C. Theodorou, Sara E. Wylie, ________________ ______________________ ______________ and Foley, Hoag & Eliot were on brief for appellees. ___________________ ____________________ ____________________ Per Curiam. Plaintiff-appellant Mark O. Henry Per Curiam. ___________ brought an action seeking damages from an adjacent property owner for groundwater contamination to Henry's commercial property. Henry appeals from the district court's grant of summary judgment for the defendants. We affirm. I. I. __ BACKGROUND BACKGROUND __________ We first summarize the relevant facts as they appear on the summary judgment record, viewing them in the light most favorable to the non-movant Henry. See Woods v. ___ _____ Friction Materials, Inc., 30 F.3d 255, 259 (1st Cir. 1994). ________________________ In this case, however, the summary judgment record is particularly unhelpful to Henry because the district court ruled that he failed to comply with the local rule requiring the party opposing summary judgment to provide a concise statement of the material facts as to which there is a genuine issue to be tried. See D. Mass. L. R. 56.1. As a ___ consequence of that non-compliance, the court deemed the moving defendants' statement of undisputed facts to be admitted by Henry, as the local rule provides. See id.  ___ ___ On appeal, Henry states in his brief that he did comply with the local rule, and he points out that his memorandum opposing summary judgment included a lengthy factual statement with record citations. Henry does not explain, however, how his factual statement complies with the -2- 2 requirement of a concise statement of the material facts as _______ ________ to which there is a genuine issue. See id. Henry's factual _____________ ___ ___ statement was a general and complete background statement, spanning seven pages, providing relevant facts whether or not they were disputed or material to the outcome. We see no error in the district court's application of the local rule, therefore we, like the district court, treat the facts as set forth in the defendant's statement as admitted by Henry. In 1986, Henry purchased several business condominium units in Andover, Massachusetts.1 In 1989, for purposes of refinancing the property, Henry hired an environmental consultant to inspect the property for contamination. The inspection revealed high levels of volatile organic compounds ("VOCs") in the groundwater. Prior to Henry's purchase of the property, a laundry and dry cleaning facility had operated on the site from about 1960 until 1981, utilizing a VOC, perchloroethylene ("PCE"), as a dry cleaning solvent. Upon deposition, the former owner of the laundry conceded that PCE  ____________________ 1. In 1981, Cash Energy, Inc., a corporation owned by Henry, purchased the property and in 1986 converted it into business condominium units, transferring several units to Henry personally and to others. Cash Energy, Inc., and all the other plaintiffs (except Henry individually) were defaulted from this action in November 1991. The record is not completely clear as to what actions were taken by Henry personally, as opposed to his corporation or others, but that is irrelevant to the disposition of this appeal. For simplicity, we will recite the facts as if Henry was the actor unless more specificity is required. -3- 3 sometimes spilled on the ground during the monthly refilling of the PCE storage tank. Adjacent to Henry's property, the defendants2 own a commercial property on which a solvent reclamation business has operated since 1969, handling industrial solvents containing VOCs. That property, too, was contaminated with VOCs, necessitating an ongoing environmental remediation. It is likely that solvents from the defendants' property entered the groundwater on Henry's property, accounting for some of the VOCs detected in the groundwater. Henry filed the instant lawsuit in 1990, bringing a myriad of claims under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. 9601-9675, the Massachusetts Oil and Hazardous Material Release Prevention and Response Act, Mass. Gen. L. ch. 21E, and Massachusetts common law (nuisance, trespass, negligence, etc.). The litigation did not proceed smoothly. A description of Henry's missteps, missed deadlines, and failures to comply with scheduling orders  ____________________ 2. The district court, in the order that Henry appeals, granted summary judgement to the following defendants: Melvin L. Weiner (as Trustee of Weiner Real Estate Trust); Service Chemical Corp.; North East Solvents Services, Inc.; and Laidlaw Environmental Services, Inc. (formerly North East Solvents Reclamation Corp.). The roles of the various defendants are not germane to the disposition of this appeal, and we shall refer to them simply as "the defendants." A number of other defendants were dismissed from the case earlier, and are not parties to this appeal. -4- 4 would fill several pages; suffice it to say that the record suggests a pattern of flagrant non-compliance with deadlines, orders, and rules. On January 31, 1995, as a sanction for Henry's repeated discovery violations, the district court granted the defendants' motion to preclude Henry from presenting expert testimony on damages. Henry has not appealed that order. The defendants moved for summary judgment in March 1995, arguing, in essence, that without expert testimony, Henry would be unable to prove damages, a necessary element of his prima facie case under all his claims. The district _____ _____ court granted summary judgment in favor of the defendants, finding that, in light of the preclusion order, the affidavits with which Henry had opposed summary judgment contained no admissible evidence from which a jury could reasonably measure damages. II. II. ___ ANALYSIS ANALYSIS ________ On appeal, Henry argues that he can prove damages without expert testimony, and that therefore summary judgment was improper. Henry does not argue that he could survive summary judgment without some proof of damages, apparently -5- 5 conceding that under all of his causes of action, he bears the burden of proving that he suffered recoverable damages.3 We review a grant of summary judgment de novo, in __ ____ accordance with our usual standard. See Friction Materials, ___ __________________ 30 F.3d at 259. Federal Rule of Civil Procedure 56(c) "mandates the entry of summary judgment, . . . upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. _____________ v. Catrett, 477 U.S. 317, 322 (1986). _______ Misguidedly, Henry uses much of his brief to describe the evidence that he would be able to present at trial. In reviewing summary judgment, however, the issue is not what Henry might be able to prove at trial, but rather what Henry has put into the summary judgment record in compliance with Fed. R. Civ. P. 56 and D. Mass. L. R. 56.1. Under Rule 56(e), "the adverse party [i.e., the party opposing summary judgment] may not rest upon the mere allegations or denials of the adverse party's pleading, but  ____________________ 3. We note that Henry has not addressed whether his declaratory judgment count should have survived summary judgment even without proof of damages. It appears, however, that the declaratory judgment that Henry sought pertained to the defendant's liability for damages under CERCLA, so that proof of damages may have been critical here as well. In any event, Henry has waived the issue. See United States v. ___ ______________ Zannino, 895 F.2d 1, 17 (1st Cir.) ("[I]ssues adverted to in _______ a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."), cert. denied, _____ ______ 494 U.S. 1082 (1990). -6- 6 the adverse party's response, by affidavits or as otherwise provided in this rule,4 must set forth specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Henry has asserted three applicable theories for the measurement of his damages, but, without expert testimony, he has failed to demonstrate a trialworthy issue of fact on any. Each of Henry's theories -- diminution of his property's market value, estimated remediation costs, and recovery of response costs paid -- require a determination as to the extent of the harm, if any, caused by the defendants. Given the facts on the summary judgment record here, that requirement calls for the segregation of damage caused by the defendants from damage generated by the former on-site dry cleaning operation.5 It is axiomatic that the defendants are not liable for damages they did not cause.  The district court held the burden was on Henry to isolate the harm caused by the defendants. On appeal Henry  ____________________ 4. In addition to affidavits, Rule 56 allows a party to support or oppose summary judgment with pleadings, depositions, answers to interrogatories, and admissions on file. Fed. R. Civ. P. 56(c). Henry, in opposing summary judgment, cited only to two affidavits, which we discuss infra. _____ 5. The district court held that the diminution in market value theory also calls for segregation of the general, market-wide devaluation of commercial properties in the area from the effect on value of the contamination, but we do not rely on this in reaching our decision. -7- 7 does no more than assert that he was not required to isolate the harm, without citing statutes or case law. It is the duty of the appellant to show that error has been committed, and Henry has not done so. Although the allocation of damages caused by two distinct sources of groundwater pollution would seem to require expert testimony, we need not decide that issue because Henry has failed to put into the summary judgment record any admissible evidence that would allow a jury to allocate the damages. Henry supported his opposition to summary judgment with his own affidavit and the affidavit of Stephen L. Kurz, an environmental consultant.6 Only one statement in these affidavits addresses the issue of segregating the contamination that emanated from the defendants' adjacent property from contamination caused by the on-site dry cleaning establishment. Henry avers in his own affidavit that another consultant, ENPRO Services, Inc., "concluded that the source of the solvent contamination was the [defendants'] property and that [Henry's] property was not a source of the contamination." While that conclusion seems improbable, credibility is not at issue on summary judgment. But Henry's statement about ENPRO's conclusions is  ____________________ 6. Henry also made a single citation to a deposition submitted with the defendants' motion for summary judgment, as to a fact not relevant to the allocation of damages issue. -8- 8 inadmissible hearsay, and cannot be considered on summary judgment.7 See Garside v. Osco Drug, Inc., 895 F.2d 46, 50 ___ _______ _______________ (1st Cir. 1990). Moreover, Henry's statement, without more, is too conclusory to satisfy the Rule 56(e) requirement that the non-movant "set forth specific facts showing that there is a genuine issue for trial." See Crawford v. LaMantia, 34 ___ ________ ________ F.3d 28, 31 (1st Cir. 1994) ("conclusory allegations, improbable inferences, and unsupported speculation" insufficient to block summary judgment), cert. denied, 115 S. _____ ______ Ct. 1393 (1995). Environmental consultant Kurz, in the other affidavit submitted by Henry, opines that the remedial measures being implemented on defendants' site are inadequate to deal with the groundwater contamination, and estimates the cost of a remediation plan that properly addresses both Henry's and the defendants' properties. But Kurz does not address in any way the issue of isolating the harm caused by the defendants' activities from that caused by Henry's predecessor, the dry cleaner. In any event, if the Kurz Affidavit had addressed the segregation of off-site damages,  ____________________ 7. The Enpro consulting report is itself in the record below, but that does not help Henry. First, the report itself is inadmissible hearsay. Second, as to the separation of harms issue, the Enpro report constitutes an expert opinion on damages, inadmissible under the district court's preclusion order. -9- 9 it would violate the court's order precluding expert testimony on damages. We hold, therefore, that absent a showing that the district court misconstrued the law, Henry failed to meet his burden on summary judgment to set forth specific facts, which if believed, would allow a jury to measure the damages caused by the defendants. See Anderson v. Liberty Lobby, 477 U.S. ___ ________ _____________ 242, 249 (1986). Henry's failure to isolate the off-site harm from that caused by the dry cleaning operation that operated on site is fatal to all three damages measures: diminution of property value, remediation costs, and response costs. Accordingly, the district court's order granting summary judgment is affirmed. Costs to the appellees. ________ -10- 10